UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 23-235 |
| ANTHONY JONES | SECTION: "P" (4) |

## ORDER AND REASONS

Before the Court is Defendant Anthony Jones's pro se Motion for Early Termination of Supervised Release.[1] The Government has responded in opposition.[2] Having considered the briefing and the applicable law, the Court denies the motion.

### I. BACKGROUND

On December 4, 2013, in the U.S. District Court for the District of New Jersey, Defendant Anthony Jones pleaded guilty to one count of distribution of heroin in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(c).[3] On June 13, 2014, the Court sentenced Mr. Jones to a term of imprisonment for 151 months, three years of supervised release with special conditions, a $1,000 fine, and a special assessment of $100.[4] The special conditions of Mr. Jones's supervised release, in addition to the standard conditions, include alcohol and drug testing and treatment, mental health treatment, and new debt restrictions.[5]

On September 20, 2022, Mr. Jones's three-year term of supervised release began.[6] And on October 24, 2023, jurisdiction of Mr. Jones, as a supervised releasee, was transferred to the U.S. District Court for the Eastern District of Louisiana because Mr. Jones resides in this District.[7]

---

[1] R. Doc. 4.
[2] R. Doc. 8.
[3] Plea Hearing Minute Entry, *United States v. Jones*, No. 13-cr-367 (D. N.J. Dec. 4, 2013), R. Doc. 20.
[4] Sentencing Minute Entry, *United States v. Jones*, No. 13-cr-367 (D. N.J. June 13, 2014), R. Doc. 22.
[5] Judgment, *United States v. Jones*, No. 13-cr-367 (D. N.J. June 16, 2014), R. Doc. 23.
[6] R. Doc. 1 (indicating Jones's supervised release will run from September 20, 2022, until September 19, 2025).
[7] R. Doc. 1.

## II. PRESENT MOTION

The Court has received a letter from Mr. Jones, which the Court construes as a motion, "requesting early termination from supervised release."[8] Mr. Jones notes that since he has been under supervised release, he has maintained employment and has not violated any of the conditions of his supervised release.[9]

## III. LEGAL STANDARD

A district court may terminate a term of supervised release at any time after one year of the term has been served if, after considering factors listed in 18 U.S.C. § 3553(a)[10], "it is satisfied that such an action is warranted by the conduct of the defendant released and the interest of justice."[11] District courts enjoy broad discretion in determining whether to terminate supervised release, but "[c]ourts have generally held that something more than compliance with the terms of [supervised release] is required to justify an early termination . . . ."[12] Rather, "early termination is usually granted only in cases involving changed circumstances, such as exceptionally good behavior."[13]

---

[8] R. Doc. 4.
[9] R. Doc. 4.
[10] These factors include the nature and circumstances of the offense; the history and characteristics of the defendant; the need to deter criminal conduct; the need to protect the public from further crimes of the defendant; the need to provide the defendant with educational or vocational training, medical care, or other correctional treatment; the kinds of sentences and sentencing range established; pertinent policy statements by the Sentencing Commission; the need to avoid unwarranted disparities among similar defendants; and the need to provide restitution to any victims of the offense.
[11] 18 U.S.C. § 3583(e)(1).
[12] *United States v. Smith*, Criminal No. 3:10-cr-53-DPJ-FKB, 2014 WL 68796, at *1 (S.D. Miss. Jan. 8, 2014).
[13] *Id.*; *see also United States v. Hayes*, Criminal Action No. 01-311, 2013 WL 5328874, at *1 (E.D. La. Sept. 20, 2013) (denying early termination because defendant "is merely abiding by the terms of his supervised release, which is the expectation for all defendants"); *United States v. Jones*, Criminal Action No. V-11-21, 2013 WL 2417927, at *1 (S.D. Tex. June 4, 2013) ("[g]enerally, compliance with the terms of supervised release and with the law alone is not enough to warrant early termination; such conduct is expected and required.").

## IV. LAW AND ANALYSIS

Considering the relevant factors listed in 18 U.S.C. § 3553(a), the Court declines to order early termination of Mr. Jones's supervised release. Mr. Jones has only served approximately half of his three-year term. Thus, granting early termination would be a significant reduction of his term of supervised release. Further, Mr. Jones has not alleged any special circumstances that would justify early termination. Rather, he is "merely abiding by the terms of his supervised release," which is precisely what is expected and required of him.[14] While Mr. Jones's employment and compliance with the conditions of his supervised release are laudable, they do not constitute extenuating circumstances to warrant early termination of his supervised release.[15]

## V. CONCLUSION

For the foregoing reasons, Defendant Anthony Jones's pro se Motion for Early Termination of Supervised Release (R. Doc. 4) is **DENIED**.

New Orleans, Louisiana, this 25th day of April 2024.

_____
**DARREL JAMES PAPILLION**
**UNITED STATES DISTRICT JUDGE**

---

[14] *Jones*, 2013 WL 2417927, at *1.
[15] *See, e.g.*, *Hayes*, 2013 WL 5328874, at *1 (denying early termination of a former inmate's supervised release when he was incarcerated for conspiracy to distribute cocaine but complied with the terms of supervised release by starting a business, continuing a successful marriage, and avoiding criminal activity).